**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DENNIS O. BLAND,<br>          Appellant, | DOCKET NUMBER<br>CH-0752-14-0667-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: September 30, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis O. Bland, Oak Lawn, Illinois, pro se.

Christopher P. McNamee, Hines, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency removed the appellant from the GS-5 position of Nursing Assistant based on three charges:  (1) refusal to report for a reasonable suspicion drug test; (2) absence without leave (AWOL)—224 hours for twenty-eight 8-hour days between March 6 and April 14, 2014, eight hours on March 4, 2014, eight hours on February 28, 2014, eight hours on February 18, 2014, six and one-half hours on February 13, 2014, two hours on February 6, 2014, eight hours on February 4, 2014, eight hours on February 3, 2014, fifteen minutes on January 30, 2014, four hours on January 28, 2014, and 160 hours for twenty 8-hour days from December 30, 2013, through January 24, 2014; and (3) failure to follow leave procedures for each instance of AWOL.  Initial Appeal File (IAF), Tab 7 at 9-10, 25.

¶3        The appellant appealed the agency's action,[2] alleging that the agency committed harmful error by violating the guidelines governing drug testing and

---

[2] The effective date of the agency's action was June 6, 2014.  IAF, Tab 7 at 10.  The decision letter informed the appellant of the 30-day time limit for filing a Board appeal. *Id*. at 11.  Because the 30th day following June 6, 2014—July 6, 2014—was a Sunday, the deadline for the appellant to file a Board appeal was Monday, July 7, 2014.

discriminated against him on the bases of race[3] and sex. IAF, Tab 1. Subsequently, the appellant amended his complaint to include an allegation of discrimination on the basis of disability and retaliation for filing equal employment opportunity (EEO) complaints. IAF, Tabs 17, 27. Based on the record developed by the parties, including the testimony at the hearing, the administrative judge found that the agency proved the charge of refusal to report for a reasonable suspicion drug test. IAF, Tab 35, Initial Decision (ID) at 6-12. He also found that the agency proved the AWOL charge. ID at 12-16. Although the administrative judge found that the agency failed to prove that the appellant was AWOL for 6.5 hours on February 13, 2014, and for 8 hours on February 28, 2014, he found that, because the agency proved 9 of the 11 specifications, it had proven the charge. ID at 16. Additionally, the administrative judge found that the agency proved the charge of failure to follow leave procedures. ID at 16-17. Finally, the administrative judge found that the appellant failed to prove his affirmative defenses. ID at 20-31.

¶4    In his petition for review, the appellant asserts that the administrative judge erred in finding that the agency had a reasonable suspicion for ordering him to take a drug test. He asserts that it was possible that the symptoms he was exhibiting when he was ordered to take a reasonable suspicion drug test were due to his distress over losing his car keys on the day that the test was ordered. Petition for Review (PFR) File, Tab 1. He also asserts that the administrative judge erred in finding that he failed to prove that his removal was in retaliation for his EEO complaints, including his inquiries about his entitlement to leave

---

5 C.F.R. § 1201.23. It is undisputed that the appellant filed his appeal on July 7, 2014, and thus it was timely filed.

[3] The appellant appears to have raised a claim of race discrimination in his appeal form; however, this claim was not included in the administrative judge's prehearing conference summary. IAF, Tabs 1, 28. Because the appellant did not object to the recitation of the issues in the summary and did not reassert this claim in his petition for review, we have not considered it.

under the Family and Medical Leave Act of 1993 (FMLA). *Id*. He further contends that, during discovery below, the agency failed to provide him documents related to his requests under the FMLA. *Id*.

¶5 Turning to the appellant's last argument first, we note that an administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion the Board will not find reversible error in such rulings. *E.g.*, *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 21 (2015). The appellant filed his discovery requests with the administrative judge. The administrative judge informed the appellant it is not necessary to file discovery requests with the Board and returned the submissions. IAF, Tabs 8, 11, 18. Subsequently, the appellant filed a motion to compel. The administrative judge denied the appellant's motion because the appellant had not complied with the Board's regulations, which provide that he must show that he had discussed his intent to file a motion to compel with the agency and made a good faith effort to resolve the discovery dispute. IAF, Tab 21. The administrative judge's rulings regarding the appellant's discovery submissions and his motion to compel are consistent with the Board's regulations. These regulations provide that discovery motions are filed with the opposing party, and that, before filing a motion to compel, the parties shall make a good faith effort to resolve the discovery dispute. *See* 5 C.F.R. § 1201.73(a)-(b), (c)(1). Further, the appellant fails to identify any specific materials regarding the FMLA that he was unable to obtain in discovery or how those materials would have enabled him to meet his burden of proof or otherwise provide him with information that was reasonably calculated to lead to the discovery of admissible evidence. PFR File, Tab 1; *see* 5 C.F.R. § 1201.72(a). Thus, we find no abuse of discretion regarding discovery in this case.

¶6 As to the appellant's arguments questioning the validity of the reasonable suspicion drug test, the Board has recognized that mandatory drug testing, when conducted by the Federal Government, is a search and seizure within the meaning

of the Fourth Amendment, and must be reasonable to pass constitutional muster. *Garrison v. Department of Justice*, 67 M.S.P.R. 154, 158 (1995). While a search generally must be supported by a warrant issued upon probable cause, neither a warrant, probable cause, nor individualized suspicion is required in every case to prove reasonableness. *Shelledy v. Department of Transportation*, 49 M.S.P.R. 257, 261 (1991).

¶7    Reasonable suspicion is a lesser standard than probable cause both as to the content of the information provided and the required reliability of the source providing that information. *Garrison*, 67 M.S.P.R. at 161. A reasonable suspicion search may be justified by information provided by reliable and credible sources. *Id*. at 158. Although reasonable suspicion testing does not require certainty, mere "hunches" are not sufficient to meet this standard. *Id*.

¶8    Here, the appellant's position was designated as subject to drug testing under the agency's random drug testing program, and thus was also subject to reasonable suspicion drug testing. IAF, Tab 26 at 9; ID at 2-3. The agency justified its order that the appellant take a reasonable suspicion drug test on the observations of the appellant by his first- and second-level supervisors describing the appellant's erratic behavior immediately before the agency gave the order and on anecdotal comments provided by employees to the supervisor.

¶9    The appellant's supervisor, a registered nurse, testified that, on April 18, 2014, the appellant was absent without permission from his worksite for about 45 minutes, and, when he returned, he was anxious, agitated, sweating, and hyperverbal, and he had visibly dilated pupils. Hearing Compact Disc (HCD) (testimony of the supervisor). The supervisor also testified that, while he was searching for the appellant during his 45-minute absence, other employees told him of an earlier incident when the appellant talked about a microwave frequency in his stomach that the Government was using to control him. *Id*. The supervisor further testified that, when the appellant returned to duty after his absence, the appellant told him that he had been checking on a patient; however, the patient

had been discharged 2 hours earlier. *Id*. In addition, the supervisor testified that the appellant explained his absence by stating that he was searching for his lost car keys and had let the air out of his car's tires because he wanted to prevent the car from being stolen. *Id*. All of this led the supervisor to conclude that the appellant was not where he should have been for an extended period of time, was unaware of what was going on, and was not forthcoming in his responses to questioning regarding his whereabouts. *Id*. The appellant's supervisor stated that he then contacted his manager, the appellant's second-level supervisor, also a registered nurse, who, when he heard of the appellant's behavior, suspected that the appellant was under the influence of drugs. *Id*.

¶10    The manager testified that he felt that the appellant's behavior demonstrated irrational behavior and illogical thinking. HCD (testimony of manager). He testified further that he relied on his medical training and experience in reaching his conclusion. *Id*. As a result, he decided to order a reasonable suspicion drug test. *Id*. The manager testified that, when he met with the appellant to give the order, he observed that the appellant's behaviors reflected a lack of respect for personal space, rapid speech, an inability to stay still, and changes in vocal tone. *Id*. The manager testified, moreover, that he informed the appellant of the gravity of the situation and the impact on his continued employment should he refuse to take the drug test. *Id*. The appellant did not submit to the drug test as ordered. *Id*.

¶11    The administrative judge found that the appellant's supervisor and his manager were extremely credible. ID at 11. Based on their testimony, he found that their observations of the appellant on April 18, 2014, were sufficient to establish a reasonable suspicion that the appellant was impaired by illegal drugs during his work hours. ID at 11. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has

"sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We defer to the administrative judge's credibility determinations here. We find that the physical manifestations that the appellant exhibited on April 18, 2014, as observed by reliable and credible sources, justified the order for a reasonable suspicion drug test. *Garrison*, 67 M.S.P.R. at 161. The appellant's assertion that the manifestations that his supervisors observed were due solely to the appellant's distress over losing his car keys is unavailing.

¶12   Because the agency justified its order to take a drug test to the appellant and the appellant did not obey the order, the agency proved charge (1), refusal to report for a reasonable suspicion drug test. *See O'Connor v. Ortega*, 480 U.S. 709, 726 (1987) (holding that, to justify a reasonable suspicion drug test for a public employee, the Government need only establish "reasonable grounds for suspecting that the search will turn up evidence that the employee is guilty of workplace misconduct"). The appellant does not challenge the administrative judge's finding that the agency proved charge (2), AWOL, and charge (3), failure to follow leave procedures, and we find no basis to disturb the administrative judge's finding that the agency proved these charges. Consequently, we find that the administrative judge properly determined that the agency proved all of the charged misconduct.

¶13   As to the appellant's affirmative defenses, he does not challenge the administrative judge's finding that he failed to prove his allegations of harmful error and discrimination on the bases of disability and sex. Therefore, we find no basis to disturb those findings either.

¶14   However, the appellant does challenge the administrative judge's finding that the appellant failed to prove that his removal was done in retaliation for filing EEO complaints. When an appellant asserts an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e–16, the Board first will inquire whether the appellant has shown by preponderant evidence that the

prohibited consideration was a motivating factor in the contested personnel action. Such a showing is sufficient to establish that the agency violated 42 U.S.C. § 2000e–16, thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). If the appellant meets his burden, we then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action in the absence of the discriminatory or retaliatory motive. If we find that the agency has made that showing, its violation of 42 U.S.C. § 2000e-16 will not require reversal of the action. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015).

¶15 On review, the appellant alleges that, in retaliation for his protected activity of making complaints to the EEO office about FMLA leave and coworker harassment, the agency changed his shift, from 11:00 a.m. to 7:00 p.m. to 7:00 a.m. to 3:00 p.m. Accepting the appellant's assertions as establishing that he engaged in protected activity, he has not alleged retaliatory motive was a factor in the action under review (his removal), except to the extent that he was working on the changed shift when the removal action was taken.

¶16 In any event, the appellant's supervisor and his manager both testified that they were unaware of the appellant's EEO activity until after issuing the proposed removal. HCD (testimony of the supervisor and the manager). As noted, the administrative judge found both to be extremely credible witnesses. Additionally, the deciding official testified that she did not recall any information relating to the appellant's EEO activity. HCD (testimony of the deciding official). As the administrative judge found, the appellant failed to show that any of the management officials involved in his removal had any knowledge of his protected activity until after issuing the proposed removal and the decision to remove. ID at 30. Accordingly, the appellant failed to show that a retaliatory motive could have been a factor in the removal action. *Savage*, 122 M.S.P.R. 612, ¶ 41.

¶17    In sum, we find that the administrative judge properly found that the agency proved the charged misconduct, the appellant failed to prove his affirmative defenses, and the penalty of removal was within the bounds of reasonableness for the sustained misconduct. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:            _____
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.